

**U.S. Department of Justice**

*Michael K. Loucks*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
                                          *Suite 9200*
                                          *1 Courthouse Way*
                                          *Boston. Massachusetts 02210*

October 8, 2009

Mark L. Smith, Esq.
127 Torrence Street
Suite 302
Providence, RI 02903

          Re:  <u>United States v. Corey Almeida</u>
               Criminal No. 08-10216-NG

Dear Attorney Smith:

     This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Corey Almeida ("Defendant"), in the above-captioned case.  The Agreement is as follows:

     1.   <u>Change of Plea</u>

     At the earliest practicable date but in no event later than October 29, 2009, Defendant shall plead guilty to a one count indictment charging him with Conspiracy to Distribute Cocaine in an amount over 500 grams, in violation of 21 U.S.C. § 846.  Defendant expressly and unequivocally admits that he committed the crime charged in Count One of the Indictment, did so knowingly, intentionally and willfully, and is in fact guilty of the offense.

     2.   <u>Penalties</u>

     Defendant faces the following mandatory minimum and maximum penalties on Count One of the Indictment, Conspiracy to Possess with Intent to Distribute Cocaine Base (over 500 grams): a maximum term of imprisonment of 40 years with a 5 year mandatory minimum sentence, a fine of up to $2,000,000, a term of supervised release of at least four years up to life, and a $100 Special Assessment.

     Defendant also faces forfeiture to the extent charged in the

Indictment.  Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

   3.   Fed. R. Crim. P. 11(c)(1)(C)

   This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's plea will be tendered pursuant to that provision.  In accordance with Fed. R. Crim. P. 11(c)(1)(C), if the District Court ("Court") accepts this plea agreement, the Court must include the agreed disposition in the judgment.  If the Court rejects any aspect of this plea agreement, the Government may deem the Agreement null and void.  Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

   4.   Sentencing Guidelines

   Subject to the provisions of this agreement and the agreed upon disposition set forth in paragraph 4, the sentence to be imposed upon Defendant is within the discretion of the sentencing court, subject to the statutory mandatory minimum and maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder.  The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the maximum range described below and statutory maximum fine.   In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, the provisions of this agreement (which limit the agreed upon disposition and which the court may either accept or reject) and the other factors set forth in 18 U.S.C. §3553(a).

   The parties agree to jointly take the following positions at sentencing with regard to offense conduct, adjustments and criminal history under the United States Sentencing guidelines:

   A. Base Offense Level

   The parties agree that Defendant is a career offender pursuant to U.S.S.G. §4B1.1(b)(B), with a corresponding Base Offense Level of 34.

   B. Acceptance of Responsibility

   Based on Defendant's acceptance of personal responsibility for the offense of conviction in this case, and information known to

2

the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1 (a) (b).

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's acceptance of personal responsibility for the offense of conviction in this case.

The U.S. Attorney may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 5 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; or

(j) Attempts to withdraw his guilty plea.

3

5.   Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

(a)   Incarceration or other confinement of 60 months;

(b)   a fine within the appropriate guideline range unless Defendant demonstrates to the satisfaction of the Court that he lacks any basis to pay;

(c)   mandatory special assessment of $100;

(d)   supervised release for a period of 4 years which includes any conditions specified in 18 U.S.C. §3583(d) and/or U.S.S.G. §5D1.3 and other additional conditions that the parties may advocate or that the Court in its discretion may impose. The U.S. Attorney reserves the right to advocate for any special conditions (including without limitation, conditions involving curfews, geographic or associational restrictions or educational and vocational training). Adoption of any and all such conditions (or any others deemed appropriate by the Court or sought by Defendant) shall not be deemed to be a rejection of the agreed upon disposition and shall not entitle either party to withdraw from this plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5); and

(e)   forfeiture as set forth in Paragraph 9.

6.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7.   Waiver of Rights to Appeal and to Bring Collateral Challenge

(a)   Defendant has conferred with his attorney and understands that he has the right to challenge his conviction(s) in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant

4

also understands that he may, in some circumstances, be able to challenge his conviction(s) in a future proceeding (such as, for example, in a collateral challenge pursuant to 28 U.S.C. §2255 or 28 U.S.C. §2241). Defendant waives any right he has to challenge his conviction on direct appeal or in any future proceeding.

(b) Defendant has conferred with his attorney and understands that defendants ordinarily have a right to appeal their sentences and may sometimes challenge their sentences in future proceedings. Defendant understands, however, that once the Court accepts this Rule 11(c)(1)(C) plea agreement, the Court is bound by the parties' agreed-upon sentencing range. Defendant may not contest any sentence within the agreed-upon sentencing range in an appeal or challenge such sentence in a future proceeding in federal court. Similarly, the Court has no authority to modify any sentence within the agreed-upon sentencing range under 18 U.S.C. §3582(c), even if the Sentencing Guidelines are later modified in a way that appears favorable to Defendant. Likewise, Defendant agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that existed at the time of Defendant's original sentencing. Given that a defendant who agrees to a specific sentencing range cannot later challenge it, and also because Defendant desires to obtain the benefits of this Agreement, Defendant agrees that he will not challenge the sentence imposed in an appeal or other future proceeding. Defendant also agrees that he will not seek to challenge the sentence in an appeal or future proceeding even if the Court rejects one or more positions advocated by any party at sentencing.

(c) The U.S. Attorney agrees that he will not appeal the imposition by the Court of any sentence within the sentencing range agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by a party at sentencing.

8.  <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and

their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

    9.    Forfeiture

    Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. §853 as a result of his guilty plea.   The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

    Defendant therefore consents to the forfeiture of all of Defendant's interest in all such forfeitable assets to the United States.  The forfeitures may be carried out criminally, civilly, or administratively in the U.S. Attorney's discretion.

    Defendant agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering, returning to the United States, and forfeiting all forfeitable assets, wherever located, and in whatever names the assets may be held.   Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney to transfer possession of, and clear title to, all forfeitable assets to the United States.  Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the U.S. Attorney to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the Indictment.

    Defendant hereby acknowledges and agrees that the United States is not limited to forfeiture of the assets specifically listed in this section.   If the U.S. Attorney determines that any directly forfeitable assets of Defendant cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the directly forfeitable assets fitting any of the categories described in this sentence.

    In order to assist the United States in locating and forfeiting directly forfeitable and substitute assets, Defendant shall deliver to the U.S. Attorney within thirty days after signing

this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Defendant currently has any legal or beneficial interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from on or about September, 2008, to the present.  At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence.  The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

10.  <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

11.  <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph 1 of this Agreement.

12.   <u>Withdrawal of Plea By Defendant</u>

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agree-upon sentencing range disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney.   In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

13.   <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.   The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against the Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.   Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation.   In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

14.   <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

8

## 15.  Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Glenn A. MacKinlay.

Very truly yours,

MICHAEL K. LOUCKS
Acting United States Attorney

By: _____
JAMES F. LANG, Deputy Chief
Criminal Division

GLENN A. MACKINLAY
Assistant United States Attorney

9

ACKNOWLEDGMENT OF PLEA AGREEMENT

    I have read this letter in its entirety and discussed it with my attorney.  I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts.  I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them.  I am satisfied with the legal representation provided to me by my attorney.  We have had sufficient time to meet and discuss my case.  We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial.  I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

COREY ALMEIDA
Defendant

Date: 11·28·09

    I certify that COREY ALMEIDA has read this Agreement and that we have discussed its meaning.  I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

MARK SMITH, ESQ.   #646
Attorney for Defendant

Date: 11/28/09

10