UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket No. 08-10216-NG |
| ) | |
| COREY ALMEIDA, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

**I.   BACKGROUND**

On January 5, 2010, the defendant, an associate of a violent New Bedford street gang, pled guilty to conspiring to distribute more than 500 grams of cocaine. <u>See</u> Pre-Sentence Report, hereinafter "PSR", at ¶3. Under a plea agreement submitted pursuant to Fed. R. Crim. P. 11(c)(1)(C), the defendant agreed to be sentenced to a period of incarceration of 60 months and four years of supervised release. The government respectfully requests that the Court impose the recommended sentence. The government also requests that the defendant's terms of supervised release include certain geographic and associational restrictions set forth herein.

**II.   THE OFFENSE**

The defendant is charged with Conspiracy to Distribute more than 500 grams of Cocaine, in violation of 21 U.S.C. § 846. This

charge arises from Almeida's drug trafficking activity when Federal Bureau of Investigation ("FBI") Task Force Agent Curt Dreher ("Dreher") observed as the defendant drove from New Bedford, Massachusetts to Providence, Rhode Island to pick up approximately 2 kilograms of cocaine.

On November 14, 2007, as part of an ongoing investigation of drug activity in the Montes Park area by a gang task force, Dreher followed the defendant in an undercover capacity.  The defendant drove a blue Ford Explorer from 57-59 Willow Street in New Bedford, Massachusetts to Providence Place Mall in Providence, Rhode Island. In the Providence Place Mall parking lot, Dreher saw the defendant meet with another man, Osvoldo Leite.  He also observed the defendant place a tan bag inside the blue Explorer.  Dreher later saw Leite leave the parking lot driving the blue Explorer while the defendant left driving another car, a Chrysler Sebring.  Both cars drove back to Massachusetts.

When the blue Explorer was stopped in Massachusetts, Leite admitted that there were drugs in the car.  Police then found approximately 2 kilograms of cocaine in the tan bag inside the car. Leite, after receiving his <u>Miranda</u> warnings, told officers that the defendant has asked him to do a "run" -- meaning that the defendant asked Leite to assist him in picking up a quantity of drugs.  Leite stated that he did not know how the defendant had acquired the drugs in Providence, nor did he know the quantity of drugs that

defendant had placed in the car.

Defendant was subsequently charged with conspiring to distribute more than 500 grams of cocaine and has plead guilty to that offense. There is a 60 months mandatory minimum sentence associated with the charge. <u>See</u> PSR at ¶129.

### III. <u>CONDITIONS OF SUPERVISED RELEASE</u>

#### 1. <u>The Sentence Should Include an Exclusion from the Montes Park Area</u>

In order to assist the defendant's re-integration after completing his sentence, the government asks the court to consider a special condition of the defendant's supervised release excluding him from the Montes Park area of New Bedford without prejudice to his right to seek modification of it in the future. The government will provide the court and the probation office with a map of the exclusion area at sentencing. This court has broad discretion to impose appropriate conditions of supervised release in this or any other case. Under 18 U.S.C. §3583(d), the court is directed to impose certain mandatory conditions of release and is authorized to impose "any other condition it considers appropriate." The only constraint on this authority is that the conditions be reasonably related to the criteria set out in § 3553 – nature/circumstances of the offense, history/characteristics of the defendant, seriousness of the offense, need for future deterrence/public protection, and need to rehabilitate the

defendant.

These guidelines are met by the factual underpinnings of the case, detailed in the PSR and the detention affidavit describing the nexus of the crimes to the Montes Park area of New Bedford.

The First Circuit has recently upheld such restrictions. See United States v. Garrasteguy, 559 F.3d 34 (1st Cir. 2009)(upholding a supervised release condition that included a geographical restriction banning the defendant from entering an entire county - Suffolk County - where the underlying crimes were committed in an area of that county, but noting that the better practice is to permit U.S. Probation authority for pre-approval of entry into restricted area). See also United States v. Smith, 436 F.3d 307 (1st Cir. 2006)(upholding a supervised release condition that barred a defendant from seeing his young daughter; holding that a sentencing court could ask the defendant "to refrain from frequenting specified kinds of places or from associating unnecessarily with specified persons").[1]

### 2. **Prohibition from Contacting other Gang Members**

During the period of Supervised Release, the defendant should also be prohibited from contacting, or being in the company of the

---

[1] The government also notes that such restrictions are capable of revision and can be modified in the future depending on the defendant's experience while in prison and his circumstances upon release. It will simply allow the court to control these issues in the future and make reasoned decisions regarding conditions of release at the appropriate time.

individuals who the government asserts are members/associates of the Montes Park street gang (many of whom are convicted felons that the defendant is barred by the standard conditions of probation from contacting in any event). The government will provide the Court and the probation office a list of those individuals at sentencing.

### 3. Other Conditions

The foregoing recommended conditions are in addition to others, such as drug treatment and counseling, and vocational training, that the court would ordinarily impose in a case such as this. See PSR at ¶¶105-110 (history of substance abuse); ¶¶111-113 (only job skills were gained through work experience).

## VI. CONCLUSION

For the foregoing reasons, the government requests, consistent with its plea agreement, that the defendant be sentenced to 60 months incarceration, with four years of supervised release and with the specific conditions of supervised release discussed herein.

                      Respectfully submitted,

                      CARMEN M. ORTIZ
                      UNITED STATES ATTORNEY

                By:  s/ Glenn A. MacKinlay
                    GLENN A. MACKINLAY
                    Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, Glenn A. MacKinlay, Assistant U.S. Attorney, certify that I caused a copy of the foregoing to be served by email and efiling on:

COUNSEL OF RECORD

on April 6, 2010.

s/ Glenn A. MacKinlay
GLENN A. MACKINLAY
Assistant U.S. Attorney